## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| KAY ALLEN KIMBLE | § | |
|    *Plaintiff* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 9:22-CV-24 |
| | § | |
| THE TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION | § | |
|    *Defendant* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Kay Allen Kimble, ("Plaintiff" or "Ms. Kimble") files this Complaint and would respectfully show the Court as follows:

### I.   PARTIES

1. Plaintiff, Kay Allen Kimble, is an individual who presently resides in Lufkin, Texas.

2. Defendant, the Texas Health and Human Services Commission, is an agency of the State of Texas. Defendant may be served with process through its Executive Commissioner, Cecile Erwin Young. Executive Commissioner Young may be served at the Texas Health and Human Services Commission main office located in the Brown-Heatly Building, 4900 N. Lamar Blvd., P.O. Box 13247, Austin, Texas 78711-3247, or wherever she may be found.

### II.   JURISDICTION AND VENUE

3. The Court has jurisdiction over the lawsuit because it arises under Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §2000e, *et seq*.

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful actions were committed in this state and within the Eastern District of Texas.

### III.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On October 21, 2020, Plaintiff timely filed a charge of discrimination, hostile work environment, and sexual harassment with the Equal Employment Opportunity Commission ("EEOC").

6. On December 24, 2020, Plaintiff timely filed an amended charge of discrimination concerning retaliation.

7. Plaintiff files this suit within (90) days of receiving a Notice of Right to Sue from the EEOC, a true and correct copy of which is attached as Exhibit "A".

### IV.     CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred.

### V.     FACTS

9. Defendant hired Ms. Kimble as an employee at the Lufkin State Supported Living Center in Pollok, Texas in May 2019.[1]

10. Defendant hired Ms. Kimble as a DSP II.  Defendant assigned Ms. Kimble to Home 520B.

11. Ms. Kimble is female.

12. At that time, Defendant also employed Derrick Lamont Dickerson ("Dickerson") as a DSP III.

13. Dickerson is male.

14. As DSP III, Dickerson was a shift coordinator for Home 520B.

15. A DSP III (Dickerson) is a higher rank than a DSP II (Kimble).

16. Alisha Sherrard, who was a DSP IV, was the House Manager.

---

[1] The Lufkin State Supported Living Center is known locally by its former name, "the Lufkin State School."

17. Shortly after Defendant hired Ms. Kimble, Dickerson began sending her texts containing sexual photos and messages while she was both on and off duty. This is practice is sometimes referred to as "sexting."

18. In May 2019, Ms. Kimble and Dickerson began a consensual, sexual relationship.

19. In March 2020, Ms. Kimble and Dickerson's consensual relationship ended. At short time thereafter, Dickerson physically assaulted Ms. Kimble.

20. On March 16, 2020, Dickerson was promoted to Campus Coordinator.

21. Campus Coordinator is a supervisory position with oversight responsibilities.

22. Despite the relationship ending, Dickerson continued to contact Ms. Kimble at work about their relationship.

23. For example, in June 2020, Dickerson gave Kimble a "prayer note" purportedly praying that "all her (Kimble's) darkness goes away."

24. During her time working for Defendant, Ms. Kimble learned that Dickerson had numerous relationships with other female employees at the Lufkin State Supported Living Center, including subordinates.

25. At least one of these employees became pregnant with Dickerson's children.

26. On information and belief, other employees—male and female—have complained about Dickerson's conduct to HR and others at the Lufkin State Supported Living Center.

27. In August 2020, Ms. Kimble reported Dickerson to Human Resources ("HR").[2] Ms. Kimble submitted a written complaint to HR about Ms. Dickerson's conduct. Exhibit "B."

28. In October 2020, Ms. Kimble filed a Charge of Discrimination with EEOC. Exhibit "C."

---

[2] Defendant's own paperwork shows that Ms. Kimble made a report, but Defendant claims the report was made in September 2020 to Luz Carver, Defendant's Assistant Director who was responsible for HR. Thus, it is undisputed that Ms. Kimble made a report.

29. After she filed her charge, Ms. Kimble's superiors began to take actions that Ms. Kimble believes were retaliatory.

30. Following her charge, Ms. Kimble was assigned to the least—or less—desirable desire jobs, had her shifts and her assignments changed randomly.

31. Ms. Kimble was also exposed to COVID-19 at work and not notified until 10 days after her supervisor knew of the exposure. This is and was contrary to policy.

32. Luz Carver, Defendant's HR representative, also told Ms. Kimble that she needed to seek mental health treatment.

33. As a result of Defendant's post-charge actions, Ms. Kimble filed an amended charge concerning retaliation on December 24, 2020. Exhibit "D."

### VI.     COUNT ONE –SEXUAL HARASSMENT/HOSTILE WORK ENVIROMENT

34. Plaintiff pleads a claim of sexual harassment/hostile work environment against Defendant.

35. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female. *See* 42 U.S.C. §2000e(f).

36. Defendant is an employer within the meaning of Title VII. *See* 42 U.S.C. §2000e(b).

37. Plaintiff was subjected to unwelcome sexual harassment by Defendant through a supervisor and other employee Dickerson.

38. Plaintiff was also harassed by other female employees due to her relationship with Dickerson.

39. Dickerson was Plaintiff's supervisor and/or held a supervisory position.

40. The harassment affected a term, condition, or privilege of Plaintiff's employment and mental wellbeing, namely Plaintiff's feeling of intimidation and anxiety due to the work

environment. The harassment also affected Plaintiff's ability to properly perform her job duties and led Plaintiff to changing job assignments and shifts.

41. Plaintiff also voluntarily demoted in December 2019—to DSP I—because she no longer wanted to work with Dickerson due to him brining their relationship into the workplace.

42. The harassment of Plaintiff was based upon her sex. Indeed, Dickerson's blatant sexual comments, messages, notes, and actions toward Ms. Kimble clearly and unambiguously indicate harassment based on her sex.

43. During her time at the Lufkin State Supported Living Center, Ms. Kimble was subjected to repeated sexual harassment by Dickerson. This harassment is graphic, offensive, and disgusting.

44. Dickerson would send Ms. Kimble pictures of his genitals.

45. Dickerson would attempt to get Ms. Kimble to have sex with him at work.

46. In fact, while Dickerson and Kimble were working together, Dickerson wrote on a napkin "Thinking about bending you over [sic] f**king you in shower stall." Dickerson was referring to the shower stall at in the home that they were working in at the Lufkin State Supported Living Center that house patients. Kimble wrote "Nope" on the napkin in response.

47. Dickerson would send Ms. Kimble inappropriate texts.

48. Dickerson repeatedly solicited Ms. Kimble for sex or to engage in sexual activity—even after any consensual relationship ended.

49. Given Dickerson's harassment, Ms. Kimble felt violated, humiliated, and fearful.

50. Defendant knew or should have known of this harassment and failed to take remedial action.

51. In fact, Defendant has admitted to the EEOC that it is "not uncommon or prohibited for Lufkin SSLC employees to engage in mutual personal relationships with one another outside of

work." Accordingly, Defendant has admitted that it knowingly permits its employees to engage in "personal relationships" outside of work.

52. Further, Julie Olivares—a supervisor—became aware of issues involving Ms. Kimble and Dickerson in October 2019 when Ms. Kimble requested a transfer.

53. On information and belief, other employees also complained about Dickerson's conduct toward female employees.

54. Dickerson also had sexual relationships with at least two other female employees.

55. Defendant created and/or maintained a workplace that permeated with discriminatory intimidation, ridicule, and insult that was sufficiently sever or pervasive to create a hostile or abusive working environment to Plaintiff subjectively and to a reasonable person objectively. In other words, Defendant created and/or maintained a hostile work environment.

56. Moreover, Defendant is vicariously liable for the conduct of Dickerson because he was employed by Defendant as a supervisor/manager with authority over Plaintiff, he sexually harassed Plaintiff, and created the hostile work environment.

57. Because Dickerson held a supervisory position, Dickerson's conduct amounts to q*uid pro quo* sexual harassment.

58. As a direct and proximate result of this sexual harassment/hostile work environment, Plaintiff suffered physical, emotional, and economic damages.

## VII. COUNT TWO – RETALIATION

59. Plaintiff asserts a claim under Title VII of the Civil Rights Act for retaliation against Defendant. *See* 42 U.S.C. §2000e-3(a).

60. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female. *See* 42 U.S.C. §2000e(f).

61. Defendant is an employer within the meaning of Title VII. *See* 42 U.S.C. §2000e(b).

62. As outlined above, Ms. Kimble filed her charge of discrimination on October 21, 2020.

63. Prior to that, on August 20, 2020, Ms. Kimble submitted at complaint about Dickerson to HR. A copy of that document is attached as Exhibit "B."

64. Defendant—and its employees—then retaliated against Plaintiff by changing her job assignments, having her work less desirable jobs, randomly changing her shifts, and suggesting that she seek mental health treatment.

65. Defendant's retaliatory acts occurred in close temporal proximity to both her written complaint and EEOC charge.

66. Defendant's retaliatory acts were sufficient to dissuade a reasonable employee from opposing unlawful employment practices, participating in the EEOC process and engaging in protected activity under Title VII.

67. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

## X.   DAMAGES

68. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered the following injuries and damages:

    a. Compensatory, noneconomic damages available for past pain and suffering, inconvenience, mental anguish and loss of enjoyment of life that she has suffered in the past;

    b. Compensatory, noneconomic damages available for pain and suffering, inconvenience, mental anguish and loss of enjoyment of life that she will suffer in the future;

    c. Plaintiff also seeks prejudgment interest on all damages and post-judgment interest on all sums, including attorney's fees and court costs; and

    d. All other relief and damages—in law or equity—to which Plaintiff is justly entitled.

## XII. ATTORNEY'S FEES

69. Plaintiff was forced to engage counsel to protect her rights. Plaintiff is entitled to an award of attorney's fees and costs (including, but not limited to, an award of reasonable expert witness fees), both trial and appellate, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3).

## PRAYER

For these reasons, Plaintiff asks for judgment against Defendant, for all actual damages, physical pain and suffering, mental anguish back pay, front pay, compensatory damages, punitive/exemplary damages, statutory damages, pre-judgment interest, post-judgment interest, attorneys' fees, court costs, and for all other relief the Court deems appropriate and to which plaintiff is justly entitled.

Respectfully submitted,

FRANKLIN LAW FIRM, PLLC

/s/ *Tanner Franklin*
Tanner G.M. Franklin
Texas Bar No. 24082506
tfranklin@tfranklinlawfirm.com
2528 Highway 103
Etoile, Texas 75944
(936) 854-3213 – Telephone
(888) 430-2559 – Fax

**ATTORNEY FOR PLAINTIFF**